# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| MELISSA FORE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:11-CV-511 |
| MICHAEL ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Melissa Fore ("Fore") filed this action appealing the final decision of the Commissioner of Social Security, ("Commissioner"), finding her not disabled and therefore ineligible for both supplemental security income, ("SSI"), and disability insurance benefits, ("DIB"), under the Social Security Act, ("Act"), 42 U.S.C. §§ 401-433, 1381-1383f.

Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have fully briefed and argued all issues, and the case is now ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, argument of counsel and the applicable law, and conclude that substantial evidence supports the ALJ's decision. As such, I **RECOMMEND GRANTING** the Commissioner's motion for summary judgment (Dkt. # 20) and **DENYING** Fore's motion for summary judgment (Dkt. # 14).

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir.

1

2001). This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Fore failed to demonstrate that she was disabled under the Act. Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Fore bears the burden of proving that she is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)(2006)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(C)(i). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, a claimant must show that her impairments prevent her from engaging in all forms of substantial gainful employment given her age, education and work experience. See 42 U.S.C. §§ 423(d)(2) and 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460-462 (1983). The inquiry

2

ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at step five to establish that the claimant maintains the Residual Functioning Capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## STATEMENT OF FACTS

### Social and Vocational History

Fore was born on August 24, 1963 (Administrative Record, hereinafter "R." 36), and is considered a younger individual under the Act. 20 C.F.R. §§ 404.1563(c). Fore's date last insured is June 30, 2013, and thus, she must show that her disability began before that date, and existed for twelve continuous months to receive DIB benefits. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a). To receive SSI benefits, Fore must establish that her disability began on or after the date she applied for benefits. 42 U.S.C. § 1383(a)(1); 20 C.F.R. § 416.501.

Fore attended high school through the 9th grade. (R. 36.) Fore's past employment includes working as a cashier at a convenience store between 1998 and 2002 (light, unskilled work), as a housekeeper for a hotel from 2005 to 2006 (light, unskilled work), as a clothes presser for a cap and gown manufacturer from August 2006 through June 2007 (light, unskilled work), and as a worker at various fast food restaurants between 1996 and 1997, 2001 to 2004, and in 2008 (light, unskilled work). (R. 49-50.) She was last employed as a cook at Hardees, which the vocational expert classified as light, unskilled work. (R. 49-50.)

3

Fore reported that during the relevant period she had chronic back pain that occasionally shot down her leg. (R. 37.) She takes ibuprofen, which helps "a little bit." (R. 38.) Fore testified that she has been diagnosed with bipolar disorder and obsessive compulsive disorder, and received treatment for anxiety and depression from the Bedford Counseling Center. (R. 38-40, 45-47.) Fore testified that she has anxiety attacks when in public, approximately two to three times a month (R. 41.) Fore reported that her daily activities include handling her personal care, fixing meals for her mother, and grocery shopping one to two times a month. (R. 42.) Fore testified that she can walk a couple of blocks, and stand for 15-20 minutes at a time. (R. 42-43.) She also testified that she has migraine headaches two to three times a month which require her to lie down for two hours. (R. 45.)

## Claim History

Fore filed for SSI and DIB on December 14, 2009, claiming that her disability began on March 15, 2008, due to bipolar disorder, personality disorder, back pain, migraines, depression, anxiety, emphysema and chronic obstructive pulmonary disease. (R. 124, 162.) The state agency denied her application at the initial and reconsideration levels of administrative review. (R. 59, 71.) On June 14, 2011, ALJ Marc Mates held a hearing to consider Fore's disability claim. (R. 29-54.) Fore was represented by counsel at the hearing, which included testimony from the vocational expert, Asheley Wells. (R. 29.)

On July 21, 2011, the ALJ entered his decision denying Fore's claim for SSI and DIB. (R. 23.) The ALJ found that Fore has severe impairments of back difficulty, breathing difficulty, mood disorder, and history of substance abuse. (R. 15.) The ALJ determined that these impairments did not meet the criteria of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16.) Considering these impairments, the ALJ found that Fore

retained the RFC to perform medium work, except that she must avoid concentrated exposure to temperature extremes, fumes, odors, dusts, gases, or poor ventilation.  The ALJ also found that Fore has moderate limitations in her ability to maintain extended concentration and interact with supervisors, coworkers, and the public. (R. 17.)  Given these limitations, the ALJ found that Fore is capable of performing her past relevant work as a clothes presser, cashier, housekeeper, or fast food worker. (R. 21-22)  On September 14, 2011, the Appeals Council denied Fore's request for review. (R. 1-3).  This appeal followed.

## ANALYSIS

Fore argues that the ALJ erred by 1) finding that her disability did not meet the criteria of listings §§ 12.04 and 12.09 for affective and substance abuse disorders; and 2) improperly evaluating her pain and credibility.

### Listings §§ 12.04 and 12.09

Fore first contends that the Commissioner erred by finding that her mental impairments do not meet the criteria of listings §§ 12.04 (affective disorders) and 12.09 (substance addiction disorders).  The listings describe limited circumstances in which a claimant's impairment is so severe that the individual is categorically deemed disabled without further inquiry.  Fore has the burden of proving that her impairments meet the criteria of the listing. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993).

The qualifying requirements for listing § 12.04 include both medical (paragraph "A") criteria, and functional (paragraphs "B" and "C") criteria.  20 C.F.R. Pt. 404, Subpt. P, App.1,. § 12.04.  In his consideration of the record, the ALJ concluded that Fore did not demonstrate the necessary paragraph "B" or "C" functional difficulties.  (R. 16-17.)  To meet a listing under § 12.04 a claimant must satisfy at least two of the following paragraph "B" limitations:

5

1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or, 4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App.1,. § 12.04(B). "[Marked] means more than moderate but less than extreme." 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.00(C).

**Paragraph B Criteria**

Fore's treating psychiatrist has diagnosed her with bipolar disorder, major depression, and personality disorder. Fore also has a long history of abusing alcohol, prescription drugs and illegal drugs. Considering this history and the record as a whole, the ALJ found that Fore suffers from mild restrictions in daily living, moderate restrictions in social functioning, moderate restrictions in concentration, persistence and pace, and experienced one to two episodes of decompensation. Thus, the ALJ found that Fore does not meet the paragraph "B" criteria for listing § 12.04.

Substantial evidence supports the ALJ's conclusion that Fore does not meet the paragraph "B" criteria for listing § 12.04. With regard to activities of daily living, Fore reported that she was able to cook, perform light housework, handle her own bills and finances, and grocery shop once or twice a month. (R. 42, 963.) The ALJ concluded that Fore suffers moderate restrictions in social functioning based on Fore's testimony that she provides meals for and manages her mother's medication on a daily basis, and interacts with other family members and at least one friend on a regular basis. (R. 963.) With regard to Fore's concentration, persistence and pace, Fore reported that she is able to shop for groceries, cook, watch television, and monitor her mother's medication. (R. 42.) The ALJ noted that the two state agency psychological consultants found that Fore suffered no more than moderate difficulties in the paragraph "B"

limitations.[1] (R. 16-17.) In addition, state agency consultative examiner, Marvin Gardner, Ph.D., found that Fore was able to perform work activities without special or additional supervision, and had a moderate impairment in concentration, persistence and pace. (R. 967.) Given the above, there is "evidence which a reasoning mind would accept as sufficient" to support the ALJ's conclusion that Fore did not have marked difficulties with the first three limitations set forth in paragraph "B".

Fore primarily focused on whether she met the fourth limitation in paragraph B of suffering from sufficient episodes of decompensation. The ALJ found that she had only one to two episodes of decompensation, and thus, did not meet the fourth limitation of paragraph "B." (R. 17.) Fore argues that she in fact experienced eight episodes of decompensation, and thus does meet the listing criteria. Indeed, Fore's medical records demonstrate that she was hospitalized multiple times during the relevant period for a drug and/or alcohol overdose. However, I find substantial evidence to support the ALJ's conclusion that no more than one or two of these hospitalizations meet the definition "repeated episodes of decompensation, each of extended duration," set forth in listing § 12.00(B)(4).

Episodes of decompensation are "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App.1,. § 12.00(B)(4). "Repeated episodes of decompensation, each of extended duration" is defined as "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." The listing also notes that if a claimant has more frequent episodes of shorter duration or less frequent episodes of longer duration, the ALJ "must use judgment to determine if the

---

[1] Fore argues that the ALJ erred by relying upon the state agency consultants' opinions in his step three analysis, because the opinions were rendered in April 2010, prior to several of Fore's hospitalizations for substance abuse. However, the ALJ specifically stated that he considered the record as a whole, and that "the records that have been submitted since the DDS completed its review do not warrant a different determination at the third step of the evaluation process." (R. 16.)

duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence." Id.

During the relevant period, Fore was hospitalized six times between July 8, 2009 and February 6, 2011, for overdosing on medication and/or alcohol. (R. 1087, 1251, 1355, 1443, 1501, 1591.) On July 8, 2009, Fore intentionally overdosed on prescription medication. She was discharged after two days, and referred for outpatient treatment for her bipolar disorder, anxiety and depression. (R. 1087-1104.) On February 10, 2010, Fore overdosed on prescription medications. On admission, Fore stated that she was not suicidal, just angry. She was diagnosed with major depression, polysubstance abuse disorder, panic disorder, bipolar disorder, a history of physical and sexual abuse, and medication non-compliance. Fore received substance abuse counseling, and was discharged four days later, on February 14, 2010. (R. 1252-1279.) On May 2, 2010, Fore was admitted to the hospital for two days because of an intentional overdose on prescription medications after arguing with her boyfriend. She was diagnosed with major depressive disorder, recurrent with psychotic features, alcohol abuse, and polysubstance dependence. She was referred to inpatient psychiatric treatment, but no records are provided showing that she received such treatment or followed upon this referral. (R. 1355-70.) On August 8, 2010, Fore overdosed on prescription medications. She was diagnosed with polysubstance abuse and a history of bipolar disease, and was admitted to Poplar Springs Hospital for inpatient psychiatric treatment. (R. 1379, 1443-1475,141-12.) She was discharged from Poplar Springs Hospital on August 15, 2010, in "improved condition." (R. 1412.) On September 11, 2010, Fore was admitted to the emergency room for a mental health evaluation, stating that she drank four beers earlier in the day and planned that night to take a "bunch of pills" and drink alcohol. (R. 1505.) She was discharged the next day and advised to follow up

8

with her counselor. (R. 1507.) Finally, on February 16, 2011, Fore was admitted to the emergency room for overdosing on prescription medications, and was discharged the next day. (R. 1591-1611.)

I find substantial evidence to support the ALJ's conclusion that Fore's hospitalizations or visits to the emergency room do not constitute "repeated episodes of decompensation, each of extended duration." The transient nature of Fore's episodes is contrary to the type of duration and severity contemplated by the listing. The majority of Fore's hospitalizations lasted less than three days. Two of Fore's hospitalizations resulted in inpatient psychiatric treatment for approximately one week. None of her episodes of decompensation lasted for two weeks as required by the listing. Although the regulations allow an ALJ to find that shorter, more frequent episodes of decompensation are of equal severity and meet the listing; such a finding is squarely within the ALJ's judgment. This court may not undertake a de novo review of the ALJ's decision or re-weigh the evidence of record. Blalock v. Richardson, 483 F.3d 773, 775 (4th Cir. 1972).

Fore argues that the ALJ's specific reference to only one of her hospitalizations in his step three analysis demonstrates that he did not properly consider the episodes of decompensation reflected in her medical records. While it would certainly be helpful for the ALJ to walk through each of Fore's hospitalizations and explain why they did not constitute episodes of decompensation under the listing, the lack of such detail does not undermine the ALJ's ultimate conclusion. The ALJ states that he completed an independent review of the medical record, and he discusses Fore's medical history in detail in step four of his analysis. (R. 16, 18-21.) As set forth above, I find substantial evidence to support the ALJ's conclusion that Fore did not experience "repeated episodes of decompensation, each of extended duration." Although greater clarity in the ALJ's opinion may be preferred, the ALJ's opinion is supported

by substantial evidence, despite its brevity. See Cameron v. Astrue, 2011 WL 2945817(W.D. Va. July 21, 2011)("'Procedural perfection in administrative proceedings is not required' and courts should vacate a judgment unless the substantial rights of a party have been affected.")(citing Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988)).

**Paragraph C Criteria**

Fore also argues that the ALJ erred by finding that she did not meet the requirements for paragraph "C" of listing § 12.04. The regulatory criteria of listing § 12.04 may be met under paragraph "C" when there is at least a two-year medically documented history of a chronic affective disorder with: 1) repeated episodes of decompensation, each of extended duration; or, 2) a residual disease process that has resulted in such marginal adjustment that a minimal increase in mental demands or change in the environment would cause the claimant to decompensate; or, 3) a current history of one or more years' inability to function outside a highly supportive living arrangement. 20 C.F.R. pt. 404, Subpt. P, Appx. 1, § 12.04(C). Fore argues that she suffered repeated episodes of decompensation and thus meets § 12.04(C)(1). For the reasons set forth above, there is substantial evidence to support the ALJ's conclusion that Fore did not experience repeated episodes of decompensation as defined by the listing, and, consequently, Fore does not meet the criteria for listing § 12.04(C).[2]

**Evaluation of Pain and Credibility**

Fore argues that the ALJ erroneously discounted her complaints of pain and found them to be not credible. Fore testified that she suffers from chronic pain in her low back, which ibuprofen helps a "little bit." (R. 37-38.) She also has difficulty breathing and uses a breathing

---

[2] Fore argues that she also meets listing § 12.09B for substance abuse disorders. Listing § 12.09B is met when physical or behavioral changes associated with the regular use of substances satisfy the requirements of listing § 12.04. Because I find substantial evidence to support the ALJ's conclusion that Fore does not meet the requirements of § 12.04, there is no need to separately address the same requirements under listing § 12.09.

10

machine twice a week, in addition to her daily medications. (R. 38.)  Fore testified that she suffers panic attacks when in public, approximately two to three times a month. (R. 40-41.)  Fore estimated that she can lift five to ten pounds, walk a couple of blocks, and sit and stand for 15-20 minutes at a time. (R. 42-43.)  Additionally, Fore testified that she has migraine headaches two to three times a month which require her to lie down for two hours. (R. 45.)

The ALJ determines the facts and resolves inconsistencies between a claimant's alleged impairments and her ability to work.  See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).  The Fourth Circuit has recognized a two-step process to determine whether pain has rendered a claimant disabled.  Hines v. Barnhart, 453 F.3d 559, 564-66 (4th Cir. 2006).  First the claimant must establish with objective medical evidence that she suffers from an impairment that could reasonably be expected to cause pain.  Id.; see also Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  "It is only *after* a claimant has met [this] threshold obligation . . . that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated."  Craig, 76 F.3d at 595 (citing 20 C.F.R. §§ 416.929(c)(1) and 404.1529(c)(1)) (emphasis in original).  During this second step, while the claimant may rely entirely on subjective evidence, objective evidence remains relevant.  Hines, 453 F.3d at 565.  In other words, while the absence of objective medical evidence of the intensity, severity, degree, or functional effect of pain is not determinative, id., a claimant's allegations about her pain "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Craig, 76 F.3d at 595 (citing 20 C.F.R. § 416.929(c)(4)).  Furthermore, the claimant cannot make a showing of disability merely by demonstrating that she experiences pain.  Green v. Astrue, 2011 WL

5593148, at *4 (E.D. Va. Oct. 11, 2011) (citing Hays v. Sullivan, 907 F.2d 1453, 1457–58 (4th Cir. 1990)("An individual does not have to be pain-free in order to be found 'not disabled.'"), report and recommendation adopted, 2011 WL 5599421 (E.D. Va. Nov. 17, 2011). The pain must be so severe as to prevent the claimant from performing any substantial gainful activity.

In this case, the ALJ found that Fore's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were not fully credible to the extent that they were inconsistent with the RFC. (R. 18-19.) After a thorough evaluation of the evidence in the record, the ALJ found that, considering her impairments, Fore is capable of performing a range of medium work. (R. 17.) The ALJ specifically accounted for Fore's breathing difficulties by excluding jobs with concentrated exposure to temperature extremes, fumes, odors, dusts, gases, or poor ventilation. (R. 17.) The ALJ also accounted for Fore's mental health limitations by including a moderate reduction in her ability to maintain extended concentration and interact with supervisors, coworkers, and the public. (R. 17.)

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984)(finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.)

In this case, the ALJ's credibility determination is supported by evidence in the record. The medical evidence, although extensive, primarily relates to Fore's mental impairments and substance abuse treatment. It does not demonstrate significant treatment for physical complaints

or pain. Fore's back pain is treated with ibuprofen, and her breathing difficulties appear to be under control with medication. (R. 38, 948, 950, 1035, 1054.)

Likewise, the opinions of the examining and reviewing physicians support the ALJ's determination that Fore can perform a range of medium work. State agency physicians Thomas Phillips, M.D. and Joseph Duckwall, M.D. found that Fore could perform medium exertional work, but should avoid concentrated exposure to irritants due to her history of asthma. (R. 198, 234.) No doctors found Fore incapable of work due to physical or pain complaints.

With regard to Fore's mental limitations, Fore's treating physician, J. Milton Miller, M.D., found Fore "totally and permanently disabled," due to her "definite bipolar problem." (R. 950.) However, Dr. Miller also repeatedly noted Fore's failure to take her medications as prescribed. (R. 948, 950, 953.) Under the regulations, a claimant must follow treatment prescribed by her physician if this treatment can restore her ability to work. 20 C.F.R. §§ 404.1530, 416.930. If a condition is amenable to treatment, it cannot serve as a basis for disability. Id. Fore was consistently non-compliant with her medication, a factor appropriately considered by the ALJ in his credibility and RFC determination. (R.19)

Additionally, state agency psychological consultants Julie Jennings, Ph.D. and Joseph Leizer, Ph.D., found that Fore can perform simple, unskilled, non-stressful work. (R. 200, 236.) Consultative examiner Dr. Gardner found that Fore could perform simple, repetitive tasks and maintain regular attendance. (R. 962-69.) Dr. Gardner noted, "while there are no psychiatric symptoms which would interrupt a normal workday, [Fore's] heavy alcohol use would not permit her to maintain sufficient mental alertness to complete a normal workday." (R. 967.) An individual is not considered disabled if alcoholism or drug addiction would be a contributing factor material to the Commission's determination of disability. Blankenship v. Astrue, 635 F.

Supp. 2d. 447, 450 (W.D. Va. 2009) (citing 42 U.S.C. § 423(d)(2)(C)). "[T]he key factor to be considered in determining whether alcoholism is a contributing factor to the determination of disability[] is whether the claimant would be disabled if [he] stopped using alcohol." Id. (citing 20 C.F.R. § 404.1535(b)).[3] Dr. Gardner's opinion is clear that Fore is capable of performing simple, repetitive tasks when abstaining from heavy alcohol use. (R. 967-68.) The ALJ considered the limitations caused by Fore's mental impairments and accounted for them in the RFC by limiting Fore to handling short and simple instructions, with moderate limitations in her ability to maintain extended concentration, and interact with supervisors, coworkers and the public. (R. 17.)

As stated above, the ALJ is best able to assess Fore's credibility as to her subjective complaints of pain as considered with the medical record as a whole. It is not the task of the reviewing court to make its own assessment of the claimant's credibility. Instead, the question before me is simply whether there is substantial evidence to support the ALJ's determination. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (per curiam) (finding that the reviewing court cannot make credibility determinations, but is empowered to review the ALJ's decision for substantial evidence). The ALJ considered all of the relevant evidence, weighed the medical opinions, and appropriately applied the regulations. I may not reweigh the evidence. There is "more than a scintilla" of evidence supporting the ALJ's conclusion in this case, and thus I recommend that the court affirm his decision.

## CONCLUSION

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of

---

[3] "In nearly identical language, 42 U.S.C. § 1382c(a)(3)(J) sets forth the same exclusion for SSI." Mitchell v. Comm'r of the Soc. Sec. Admin., 182 F.3d 272, 274 n.2 (4th Cir. 1999).

record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

                                                    Enter: February 13, 2013

                                                    *Robert S. Ballou*

                                                    Robert S. Ballou
                                                    United States Magistrate Judge